JOHN B. BULGOZDY, Cal Bar. No. 219897
Email: bulgozdyj@sec.gov
FINOLA H. MANVELIAN, Cal. Bar No. 180681
Email: manvelianf@sec.gov
JESSICA R. PUATHASNANON, Cal. Bar No. 208074
Email: puathasnanonj@sec.gov
BERNARD B. SMYTH III, Cal. Bar. No. 217741
Email: smythb@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Andrew G. Petillon, Associate Regional Director
John M. McCoy III, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone:   (323) 965-3998
Facsimile:    (323) 965-3908

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>    vs.<br><br>DAVID A. WILLIAMS; SHERWOOD SECURED INCOME FUND, LLC; WFG HOLDINGS, INC.; and WILLIAMS FINANCIAL GROUP, LLC,<br><br>        Defendants. | Case No. CV 09-2709 JHN (JCx)<br><br>**CONSENT OF DEFENDANT DAVID A. WILLIAMS TO ENTRY OF ORDER OF PERMANENT INJUNCTION AND OTHER RELIEF** |

1.    Defendant David A. Williams ("Defendant") admits service upon him of the Summons and Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over him and over the subject matter of this action.

2.    Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Order in the form attached hereto (the "Order") and incorporated by reference herein, which, among other things:

1    (a)    permanently restrains and enjoins Defendant from violations of
2    Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a),
3    and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15
4    U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; and

5    (b)    orders Defendant to pay disgorgement, prejudgment interest,
6    and civil money penalties in amounts to be determined at a later date.

7    4.    Defendant agrees that the Court shall order disgorgement of ill-gotten
8    gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d)
9    of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange
10   Act, 15 U.S.C. § 78u(d)(3). Defendant further agrees that the Court, upon motion
11   of the Commission, shall determine the amount of the disgorgement and civil
12   penalty, and that prejudgment interest shall be calculated pursuant to 28 U.S.C.
13   § 1961 based on the date of entry of the order fixing the amount of disgorgement.
14   Defendant further agrees that in connection with the Commission's motion for
15   disgorgement and/or civil penalties, and at any hearing held on such a motion: (a)
16   Defendant will be precluded from arguing that he did not violate the federal
17   securities laws as alleged in the Complaint; (b) Defendant may not challenge the
18   validity of this Consent or the Order; (c) solely for purposes of such motion, the
19   allegations of the Complaint shall be accepted as and deemed true by the Court;
20   and (d) the Court may determine the issues raised in the motion on the basis of
21   affidavits, declarations, excerpts of sworn testimony or investigative testimony,
22   and documentary evidence, without regard to the standards for summary judgment
23   contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection
24   with the Commission's motion for disgorgement and/or civil penalties, the parties
25   may take discovery, including discovery from appropriate non-parties.

26   5.    Defendant agrees that he shall not seek or accept, directly or
27   indirectly, reimbursement or indemnification from any source, including but not
28   limited to payment made pursuant to any insurance policy, with regard to any civil

2

1  penalty amounts that Defendant is ordered to pay, regardless of whether such
2  penalty amounts or any part thereof are added to a distribution fund or otherwise
3  used for the benefit of investors.  Defendant further agrees that he shall not claim,
4  assert, or apply for a tax deduction or tax credit with regard to any federal, state, or
5  local tax for any penalty amounts that Defendant is ordered to pay, regardless of
6  whether such penalty amounts or any part thereof are added to a distribution fund
7  or otherwise used for the benefit of investors.

8      6.      Defendant waives the entry of findings of fact and conclusions of law
9  pursuant to Rule 52 of the Federal Rules of Civil Procedure.

10     7.      Defendant waives the right, if any, to a jury trial and to appeal from
11  the entry of the Order.

12     8.      Defendant enters into this Consent voluntarily and represent that no
13  threats, offers, promises, or inducements of any kind have been made by the
14  Commission or any member, officer, employee, agent, or representative of the
15  Commission to induce Defendant to enter into this Consent.

16     9.      Defendant agrees that this Consent shall be incorporated into the
17  Order with the same force and effect as if fully set forth therein.

18     10.     Defendant will not oppose the enforcement of the Order on the
19  ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of
20  Civil Procedure, and hereby waives any objection based thereon.

21     11.     Defendant waives service of the Order and agrees that entry of the
22  Order by the Court and filing with the Clerk of the Court will constitute notice to
23  Defendant of its terms and conditions.  Defendant further agrees to provide counsel
24  for the Commission, within thirty days after the Order is filed with the Clerk of the
25  Court, with an affidavit or declaration stating that Defendant has received and read
26  a copy of the Order.

27     12.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the
28  claims asserted against Defendant in this civil proceeding.  Defendant

3

1   acknowledges that no promise or representation has been made by the Commission
2   or any member, officer, employee, agent, or representative of the Commission with
3   regard to any criminal liability that may have arisen or may arise from the facts
4   underlying this action or immunity from any such criminal liability.  Defendant
5   waives any claim of Double Jeopardy based upon the settlement of this proceeding,
6   including the imposition of any remedy or civil penalty herein.  Defendant further
7   acknowledges that the Court's entry of a permanent injunction may have collateral
8   consequences under federal or state law and the rules and regulations of self-
9   regulatory organizations, licensing boards, and other regulatory organizations.
10  Such collateral consequences include, but are not limited to, a statutory
11  disqualification with respect to membership or participation in, or association with
12  a member of, a self-regulatory organization.  This statutory disqualification has
13  consequences that are separate from any sanction imposed in an administrative
14  proceeding.  In addition, in any disciplinary proceeding before the Commission
15  based on the entry of the injunction in this action, Defendant understands that he
16  shall not be permitted to contest the factual allegations of the complaint in this
17  action.

18          13.     Defendant understands and agrees to comply with the Commission's
19  policy "not to permit a defendant or respondent to consent to a judgment or order
20  that imposes a sanction while denying the allegations in the complaint or order for
21  proceedings."  17 C.F.R. § 202.5.  In compliance with this policy, Defendant
22  agrees: (i) not to take any action or to make or permit to be made any public
23  statement denying, directly or indirectly, any allegation in the complaint or
24  creating the impression that the complaint is without factual basis; and (ii) that
25  upon the filing of this Consent, Defendant hereby withdraws any papers filed in
26  this action to the extent that they deny any allegation in the complaint.  If
27  Defendant breaches this agreement, the Commission may petition the Court to
28  vacate the Order and restore this action to its active docket.  Nothing in this

4

1 || paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal
2 || or factual positions in litigation or other legal proceedings in which the
3 || Commission is not a party.

4 ||     14.    Defendant hereby waives any rights under the Equal Access to Justice
5 || Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any
6 || other provision of law to seek from the United States, or any agency, or any
7 || official of the United States acting in his or her official capacity, directly or
8 || indirectly, reimbursement of attorney's fees or other fees, expenses, or costs
9 || expended by Defendant to defend against this action. For these purposes,
10 || Defendant agrees that Defendant is not the prevailing party in this action since the
11 || parties have reached a good faith settlement.

12 ||     15.    In connection with this action and any related judicial or
13 || administrative proceeding or investigation commenced by the Commission or to
14 || which the Commission is a party, Defendant (i) agrees to appear and be
15 || interviewed by Commission staff at such times and places as the staff requests
16 || upon reasonable notice; (ii) will accept service by mail or facsimile transmission of
17 || notices or subpoenas issued by the Commission for documents or testimony at
18 || depositions, hearings, or trials, or in connection with any related investigation by
19 || Commission staff; (iii) with respect to such notices and subpoenas, waives the
20 || territorial limits on service contained in Rule 45 of the Federal Rules of Civil
21 || Procedure and any applicable local rules, provided that the party requesting the
22 || testimony reimburses Defendant's travel, lodging, and subsistence expenses at the
23 || then-prevailing U.S. Government per diem rates; and (iv) consents to personal
24 || jurisdiction over Defendant in any United States District Court for purposes of
25 || enforcing any such subpoena.

26 ||     16.    Defendant agrees that the Commission may present the Order to the
27 || Court for signature and entry without further notice.

28 ||     17.    Defendant agrees that this Court shall retain jurisdiction over this

1    matter for the purpose of enforcing the terms of the Order.

2        18.    Defendant represents that he has read this Consent and the Order

3    attached hereto before signing this Consent.

4

5

6    Dated this 15ᵗʰ day of ~~June, 2009.~~ April 2010

7                                             David A. Williams

8

9

10       On 4-15-10 , ~~2009~~, David A. Williams, a person known to me,
     personally appeared before me and acknowledged executing the foregoing

11   Consent.

12

13                                           _____

14                                           Notary Public

15                                           Commission expires: 5-13-10

16

17   Approved as to form:

18

19   Samuel Y. Edgerton, III

20   EDGERTON AND WEAVER, LLP

21   2615 Pacific Coast Highway, Suite 300
     Hermosa Beach, CA 90254

22   Telephone: (310) 937-2066
     Attorney for Defendant

23

24

25

26

27

28

                                    6

**PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action.  My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648

Telephone No. (323) 965-3998; Facsimile No. (323) 965-4559.

On April 21, 2010, I caused to be served the document entitled **CONSENT OF DEFENDANT DAVID A. WILLIAMS TO ENTRY OF ORDER OF PERMANENT INJUNCTION AND OTHER RELIEF** upon the parties to this action addressed as stated on the attached service list:

[X]   **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ]   **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[ ]   **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]   **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee.

[ ]   **FEDERAL EXPRESS BY AGREEMENT OF ALL PARTIES:**  By placing in sealed envelope(s) designated by Federal Express with delivery fees paid or provided for, which I deposited in a facility regularly maintained by Federal Express or delivered to a Federal Express courier, at Los Angeles, California.

[X]   **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[ ]   **FAX (BY AGREEMENT ONLY):**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

[X]   **(Federal)** I declare under penalty of perjury that I am a member of the bar of this Court and that the foregoing is true and correct.


Date:  April 21, 2010                    /s/ John B. Bulgozdy
                                         John B. Bulgozdy

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### SEC v. DAVID A. WILLIAMS, et al.
**United States District Court – Central District of California**
**Case No. 09 CV 2709 JHN (JFx)**
**(LA-3553)**

### SERVICE LIST

Sam Y. Edgerton, III, Esq.
Edgerton & Weaver LLP
Chad E. Weaver, Esq.
2615 Pacific Coast Highway, Suite 300
Hermosa Beach, CA 90254
Email:  sedgerton@edgertonweaver.com
Email:  cweaver@edgertonweaver.com
***Attorneys for Defendants David A. Williams, Sherwood Secured Income Fund, LLC, WFG Holdings, Inc., and Williams Financial Group, LLC***

2